MATTER OF VIELMA-ORTIZ

In Exclusion Proceedings

A-8517468

*Decided by Board October 7, 1965*

A naturalized United States citizen who during a temporary absence in Mexico
in 1964 lost such citizenship by voting in a political election in that country
is eligible for the consideration of, and is granted, a waiver of the docu-
mentary requirements pursuant to section 211(b), Immigration and Nation-
ality Act, to remove the ground of inadmissibility at the time of his applica-
tion for readmission, since the expatriatory act of voting in nowise affected
his status as a permanent resident acquired when lawfully admitted to the
United States for permanent residence in 1953.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No
valid immigrant visa.

This case has been certified to this Board by the special inquiry
officer for final decision in accordance with the applicable regula-
tions. The appellant, a 46-year-old married male, applied for ad-
mission to the United States as a citizen thereof at Brownsville,
Texas on January 26, 1965. He was ordered detained for further
examination by a special inquiry officer for the purpose of determi-
ning his admissibility to the United States as a citizen. The record
reflects that he was paroled into the United States on January 26,
1965, so he could rejoin his family at their home in San Antonio,
Texas, pending a hearing to determine his admissibility to the
United States before a special inquiry officer. The evidence adduced
at the hearings held in exclusion proceedings at San Antonio, Texas
on May 26, and June 4, 1965, respectively, establishes that the ap-
pellant resided in Mexico from birth on February 15, 1920 until his
admission to the United States for permanent residence at Browns-
ville, Texas as a nonquota immigrant on July 24, 1953.

The appellant was naturalized a citizen of the United States in
the United States District Court in Brownsville, Texas on May 21,
1960. The appellant's wife and four of his nine children are lawful
resident aliens of the United States. His remaining five children are

native-born citizens of the United States. The appellant has resided continuously in the United States since his admission thereto for permanent residence in July 1953. The appellant in connection with his business of buying used farm machinery in the United States for resale in Mexico found that his business dealings in Mexico were benefited greatly by his having and carrying a Mexican voter's registration certificate as identification. The evidence in this record shows that the appellant voted in the presidential election in Matamoros, Mexico on July 5, 1964 (Exs. 2 & 5).

The appellant's action in voting in the Mexican presidential election in Matamoros, Mexico on July 5, 1964 constitutes an expatriating act under section 349(a)(5) of the Immigration and Nationality Act (cf. *Matter of M—*, 9 I. & N. Dec. 516). Hence, the appellant is an alien.

The record reflects that the appellant seeks admission to the United States to reside permanently therein with his wife and nine children. He was admitted to the United States for permanent residence at Brownsville, Texas on July 24, 1953. The appellant seeks to return to an unrelinquished lawful permanent residence in the United States after a temporary visit abroad. The appellant at the time he applied for admission to the United States on January 26, 1965 was not in possession of a valid unexpired immigrant visa, re-entry permit * * *, or other valid entry document. The appellant surrendered his alien registration receipt card (Form I-151), which had been issued to him after his admission to the United States for permanent residence when he was naturalized a citizen of the United States on May 21, 1960. The evidence reveals the appellant has maintained his permanent residence in the United States since July 24, 1953; that it was not his intention to abandon his permanent resident status in the United States but to resume his residence and rejoin his family in this country on the several occasions he has departed from the United States to Mexico in connection with his business after he became an expatriate of the United States on July 5, 1964.

No question is raised as to loss of United States citizenship by voting in Mexico. It is contended, however, that this act of voting terminated the applicant's residence in the United States and that now as the applicant does not have an immigration visa he is inadmissible.

The special inquiry officer found that the applicant's residence in the United States was not lost solely by voting in Mexico, that as the applicant had been lawfully admitted for permanent residence, and his absence was clearly temporary, he was eligible for consideration

of a waiver of documents under section 211(b) of the Immigration and Nationality Act and granted the waiver. We agree with the special inquiry officer.

The applicant, as above pointed out, was lawfully admitted for permanent residence. Nothing has intervened since then to change that status. When the applicant lost United States citizenship by voting, his status reverted back to that of a lawful permanent resident of the United States. In this case, the expatriating act, voting in Mexico, had nothing to do with the continuance of the status of a lawful permanent resident of the United States.

It is, therefore, our conclusion that the applicant is an alien who has been lawfully admitted for permanent residence, "such status not having changed." This conclusion is consonant with *Matter of S—*, 6 I. & N. Dec. 392, *Matter of Y—*, 8 I. & N. Dec. 143, and *Matter of M—P—*, 9 I. & N. Dec. 747. Moreover, the United States Department of State has expressed the opinion that persons who lost their citizenship abroad may still be considered permanent residents of the United States (Vol. 9, Part 3 — Visa Handbook Interpretations, 22 CFR 42.22(b)). While the resopndent's action in voting in the Presidential election in Mexico on July 5, 1964 resulted in his becoming an expatriate of the United States under section 349(a)(5) of the Act this action in nowise affected his status as a permanent resident of the United States acquired when he was lawfully admitted thereto as a nonquota immigrant on July 24, 1953.

After carefully considering all the evidence of record, together with the exceptions noted by the trial attorney by brief, the findings of fact, conclusions of law and the order entered by the special inquiry officer on June 7, 1965 are hereby approved. On this record, the appellant meets the requirements of section 211(b) of the Immigration and Nationality Act and is eligible for admission to the United States without being required to obtain a passport, immigrant visa, reentry permit or other documentation. The facts in the case fully justify granting the waiver of documents. Accordingly, the following order will be entered.

ORDER: It is ordered that the order entered by the special inquiry officer on June 7, 1965 directing that under the authority contained in section 211(b) of the Immigration and Nationality Act, the alien be admitted to the United States for permanent residence be and the same is hereby approved.